UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PATRICK GILBERT,

         Petitioner,

  -against-            1:05-CV-0325
                   (LEK)

UNITED STATES OF AMERICA,

         Respondent.

LAWRENCE E. KAHN
U.S. District Judge

## MEMORANDUM-DECISION AND ORDER[1]

  Patrick Gilbert ("Petitioner") brings this petition, *pro se*, challenging his conviction of illegal reentry in violation of 8 U.S.C. § 1326(a) & (b)(2), and seeks to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255. § 2255 Motion (Dkt. No. 1). Petitioner has raised, generally, three arguments as to why he is entitled to relief. Petitioner claims: 1) that although Petitioner has procedurally defaulted certain claims by failing to raise them on direct appeal, he should be allowed to raise them because Petitioner is actually innocent of the underlying offense; 2) defense counsel was ineffective in advising Petitioner to plead guilty, when counsel should have known the facts were insufficient to sustain the charge against Petitioner; and 3) the sentence imposed on Petitioner by this Court was unconstitutional in light of the United States Supreme Court's decisions in United States v. Booker and United States v.

---

[1] For printed publication by the Federal Reporters

Fanfan, 543 U.S. 220, 268 (2005). § 2255 Motion (Dkt. No. 1). For the reasons stated herein, Petitioner's claims have no merit and his habeas petition is denied and dismissed.

I.     **BACKGROUND**

On October 7, 2003, Petitioner, a Canadian citizen, was a passenger on a train from Montreal to New York. The train was stopped at the border between the United States and Canada by officers of the Bureau of Immigration and Customs Enforcement ("BICE"). The BICE officers approached Petitioner while conducting a routine immigration inspection, and questioned him regarding his citizenship status. Upon further investigation by the BICE officers, it was found that Petitioner had been previously incarcerated and subsequently deported, for importing cocaine into the United States. Because of this prior conviction, Petitioner was barred from entering the United States without consent from the United States Attorney General, or his successor, the Secretary for Homeland Security. Petitioner was then placed under arrest for illegal reentry in violation of 8 U.S.C. § 1326 (a) & (b)(2). Petitioner was indicted on October 16, 2003 and pled guilty on November 13, 2003. See Case No. 1:03-CR-0422, Indictment (Dkt. No. 5); Plea Minutes (Dkt. No. 12). At sentencing on March 10, 2004, this Court determined that Petitioner's offense level was 21 and Petitioner's criminal history category was III. Based on these findings, the Court found that the Federal Sentencing range for Petitioner was between 46-57 months. See Case No. 1:03-CR-0422, Sentencing Minutes (Dkt. No. 8). This Court sentenced Petitioner to a term of 46 months, with three year period of supervised release following the completion of the sentence. See Id. While Petitioner did not directly appeal this sentence, on March 14, 2005, Petitioner filed this habeas proceeding pursuant to 28 U.S.C. §

2255 collaterally challenging his conviction and sentence. § 2255 Motion (Dkt. No. 1). On April 22, 2005, upon the request of Petitioner this Court dismissed the habeas proceeding, and on May 24, 2005 subsequently reinstated the habeas proceeding upon yet another request by Petitioner. See Dismissal Order (Dkt. No. 4); Reinstatement Order (Dkt. No. 5). The Government filed a memorandum in opposition to the petition on July 6, 2005. See Gov't Memo. (Dkt. No. 7). Petitioner filed a reply memorandum on July 11, 2005 and a traverse brief on August 11, 2005. See Reply (Dkt. No. 8); Traverse (Dkt. No. 10).

## II. DISCUSSION

### A. Procedural Default

Petitioner did not directly appeal his conviction or sentence, yet now he seeks collateral review of both. A federal prisoner who seeks collateral review must first appeal his conviction directly to the Circuit Court of Appeals; if the prisoner fails to do this, he is procedurally barred from seeking collateral review, unless he can show cause for not pursuing a direct appeal and prejudice as a result of his error, or in the alternative, that a fundamental miscarriage of justice would occur. See Campino v. United States, 968 F.2d 187, 190 (2d Cir. 1992); Bousley v. United States, 523 U.S. 614, 622 (1998); Murray v. Carrier, 477 U.S. 478, 495-96 (1986). A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002); see also Bousley, 523 U.S. at 622. Petitioner concedes that he cannot show cause and prejudice in this case, however, Petitioner claims that he is actually innocent of illegal reentry and that Petitioner's guilty plea was not intelligently made because it was based on the erroneous

advice of his defense counsel. Traverse (Dkt. No. 10). In this case, Petitioner's argument that he is actually innocent is based on an erroneous understanding of the law. Petitioner argues that he could not have been found guilty of illegal reentry because the charge requires that an accused must be found inside the United States to sustain such a charge. Petitioner claims the Government cannot prove that he was in the United States, and that at best Petitioner could only be found guilty of attempt, which he contends is a separate offense from the one charged. Traverse (Dkt. No. 10).

Petitioner's argument is incorrect, however, because the offense requires that the accused be found either entering **or** attempting to enter the country. 8 U.S.C. § 1326(a) & (b)(2) (emphasis added). They are not separate offenses; the "offense ... is complete when any of three events occurs: when a previously deported alien 1) 'enters', 2) 'attempts to enter,' or 3) 'is at any time found in' the United States." United States v. Rivera-Ventura, 72 F.3d 277, 281 (2d Cir. 1995) (quoting 8 U.S.C. § 1326). See also United States v. Oladipupo, 346 F.3d 384, 388 (2d Cir. 2003). Therefore, Petitioner's assertion that he is actually innocent of the offense is without merit and provides no excuse for Petitioner's procedural default.

### B. Ineffective Assistance of Counsel

Petitioner also contends that to be guilty of attempt under 8 U.S.C. § 1326 (a) & (b)(2) requires a specific intent to violate the law, and that his defense counsel's failure to inform Petitioner of this requirement lead to Petitioner's guilty plea. Traverse (Dkt. No. 10). If the statute in question had a requirement of specific intent, the Government would have had to prove that Petitioner attempted to enter this country knowing that his entry was prohibited. See United

States v Rodriguez, 416 F.3d 123, 126 (2d Cir. 2005).  Petitioner claims that his defense counsel advised him to plead guilty, and had Petitioner known that a finding of specific intent was required, he would not have agreed to such a plea.  This, Petitioner claims, is sufficient to prove ineffective assistance of counsel since the alleged failure to advise lead to an uninformed guilty plea.  Traverse (Dkt. No. 10).

    A claim of ineffective assistance of counsel may still be raised on collateral review despite a failure to raise the claim on direct review.  See Massaro v. United States, 538 U.S. 500, 504 (2003).  In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that the deficiency caused actual prejudice to his defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  A counsel's performance is not deficient unless the advice was "not within the range of competence demanded" of criminal attorneys.  Id.  The proper "inquiry must be whether counsel's assistance was reasonable considering all the circumstances."  Id. at 688.  There is a strong presumption in favor of the reasonableness of counsel's performance.  Id.

    Petitioner's argument is again based on an incorrect understanding of the law, because there is no requirement that specific intent be shown in order to prove one guilty of attempted illegal reentry.  See Rodriguez, 416 F.3d at 126; United States v. Acevedo, 229 F.3d 350, 358 (2d Cir. 2000) cert. denied 531 U.S. 1027 (2000); United States v. Martus, 138 F.3d 95, 97 (2d Cir. 1998).  Those who have previously been deported from the United States are responsible for knowing that they cannot reenter the United States without express permission, and all that is required for a violation of the statute prohibiting reentry is a showing that there was "a voluntary

- 5 -

act of reentry or attempted reentry by the defendant that is not expressly sanctioned by the Attorney General." Rodriguez, 416 F.3d at 125 (quoting Martus, 138 F.3d at 97). See also 8 U.S.C. § 1326 (a) & (b)(2).

Since specific intent is not required to prove attempted illegal reentry, Petitioner has shown no deficiency in his counsel's performance and failed to demonstrate that his plea was involuntary or unintelligent. Petitioner admitted in open court that he was in fact guilty of entering and attempting to enter the United States, and was fully apprised of the consequences of such an admission. See Case No. 1:03-CR-422, Sentencing Transcript at pp. 7-8. Petitioner's plea of guilty was therefore voluntary and intelligent, and since Petitioner has failed to show any deficiency in counsel's performance, Petitioner's plea is not subject to collateral attack. See Mabry v. Johnson, 467 U.S. 504, 508 (1994).

### C. Retroactive Application of Booker-Fanfan

Lastly, Petitioner claims that his sentencing enhancement was improper in light of the United States Supreme Court's holding in United States v. Booker and United States v. Fanfan, 543 U.S. 220, 268 (2005). The Supreme Court in Booker, "held that the [Federal Sentencing] Guidelines violated the Sixth Amendment to the extent that they allowed the maximum sentence authorized by a guilty plea or a verdict to be increased based on findings of fact (other than the fact of a prior conviction) made by the judge ..." Guzman v. United States, 404 F.3d 139, 143 (2005). The Second Circuit in Guzman, held that Booker does not apply retroactively to cases on collateral review, because it is neither a substantive rule, nor a procedural "watershed rule."

Guzman, 404 F.3d at 142-43.  Petitioner was sentenced months before Booker was decided and therefore, Petitioner cannot seek relief based upon the holding in Booker.

### III.  CONCLUSION

For the reasons stated above, it is hereby:

**ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 1) is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

**IT IS SO ORDERED**.

DATED: May 02, 2006
Albany, New York

Lawrence E. Kahn
U.S. District Judge